IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSY ESPRECION THOMAS, ) | CIVIL NO. 21-00431 LEK-WRP |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION TO RECONSIDER; |
| vs. ) | AMENDING FINDINGS AND |
| ) | RECOMMENDATION TO DENY |
| ) | PLAINTIFF'S APPLICATION TO |
| INTERNAL REVENUE SERVICE, ) | PROCEED IN DISTRICT COURT |
| ET AL., ) | WITHOUT PREPAYING FEES OR |
| ) | COSTS |
| Defendants. ) | |
| ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER; AMENDING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

Before the Court is Plaintiff's Motion to Reconsider this Court's Findings and Recommendation to Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. See ECF No. 6 (Motion). On November 4, 2021, this Court recommended that the District Court deny Plaintiff's Application. See ECF No. 5 (Recommendation). Plaintiff did not file any objections to that Recommendation. See id. at 1 n.1. Instead, Plaintiff now moves for reconsideration of this Court's Recommendation, arguing that the Court should permit her to proceed in forma pauperis by making monthly payments of $50 until the filing fee is paid. See ECF No. 6 at 2. For the reasons stated below, the

Motion is DENIED. In addition, the Court AMENDS its prior Findings and Recommendation as detailed below.

ORDER DENYING MOTION TO RECONSIDER

Federal Rule of Civil Procedure 60 and Local Rule 60.1 govern motions for reconsideration, which are disfavored. Reconsideration is generally appropriate in three instances, when: (1) there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) necessary to correct a clear error or prevent manifest injustice. See Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013); see also LR 60.1.

"Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal argument that could have been presented at the time of the challenged decision." Tagupa v. Vipdesk, Inc., 2016 WL 236210, at *2 (D. Haw. Jan. 19, 2016). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

This Court initially recommended that the District Court deny Plaintiff's Application based on her annual household income of $23,472 exceeding the poverty guideline for a two-person household in Hawaiʻi. See ECF No. 5. In her Motion, Plaintiff objects that her initial Application made clear that her expenses exceed her income, and notes that her initial Application neglected to

indicate that the IRS garnishes $274 each month—presumably, based on the allegations in her Complaint, from the Social Security pension that she reported as monthly income on her initial Application. See ECF No. 1, ECF No. 6 at 2; ECF No. 2 at 1.

The Court declines to reconsider its Recommendation based on the fact that the IRS garnishes $274 of Plaintiff's Social Security benefits. First, Plaintiff was aware of this fact when she filed her initial Application; thus, it does not provide sufficient grounds for reconsideration. See Ritchie v. Hawai'i, Dep't of Pub. Safety, 2017 WL 4172500, at *5 (D. Haw. Aug. 23, 2017). Second, the relevant statute permitting a plaintiff to proceed without prepayment of fees states that such facts must be stated in an affidavit. See 28 U.S.C. § 1915(a)(1); United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). Plaintiff's initial Application complied with this requirement. See ECF No. 2. The additional facts contained in her Motion do not. See ECF No. 6. Finally, even if the Court were to deduct $274 from the monthly income Plaintiff initially reported ($1,956), her annual income ($20,184) would still exceed the poverty level for a two-person household in Hawai'i. See Annual Update of the Health and Human Services Poverty Guidelines, 86 Fed. Reg. 7732 (Feb. 1, 2021), available at: https://aspe.hhs.gov/poverty-guidelines. For these reasons, the Court will not reconsider its Recommendation to deny Plaintiff's Application based on this fact.

Nor will the Court reconsider its Recommendation because Plaintiff's initial Application listed expenses that exceed her income. Although Plaintiff has financial obligations and other expenses, the Court recommended that the District Court deny her Application because it failed to show she is a pauper and cannot afford to prepay the costs of initiating this action. In her Motion, Plaintiff has not demonstrated that this Court must reconsider its finding that, even despite her listed expenses, Plaintiff can pay the cost of litigating this case "and still be able to provide [her]self and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted). For example, the Court notes that Plaintiff lists certain discretionary expenses. See, e.g., ECF No. 2 at 2 (listing $2,880 annually for "storage"); Hoeft-Ross v. Hoeft, 2005 WL 8161746, at *2 (D. Nev. May 23, 2005) ("Plaintiffs' expenses also include $900 a year for storage[,] which is not a life necessity."). Thus, the Court concludes Plaintiff's argument as to her expenses does not justify reconsideration.

## AMENDED FINDINGS AND RECOMMENDATION

Finally, even if the Court were to reconsider its finding regarding Plaintiff's ability to pay the fees for this action, it would nonetheless still recommend denying her Application, in addition to dismissing her Complaint with leave to amend.

A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the

4

action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). Here, even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), it must be dismissed. This Court therefore AMENDS its prior Recommendation to include the following additional findings and recommendation.

In her Complaint, Plaintiff names as Defendants the Internal Revenue Service (IRS) and Social Security Administration (SSA), alleging that the IRS is improperly garnishing her Social Security benefits without conducting a jury trial, and that the SSA has improperly acquiesced in this garnishment. See ECF No. 1 ¶¶ 3, 11-12. Plaintiff alleges she sent letters to the IRS in June and August of 2018 asking the IRS to verify her debt, to which the IRS never responded, such that this debt was discharged. See id. ¶¶ 5-9. She also alleges that, because she paid taxes on her wages, her Social Security benefits are exempt from any additional taxes. See id. ¶ 10. Plaintiff appears to bring claims for constitutional violations, intentional infliction of emotional distress, and conspiracy. See id. ¶¶ 13-18. She seeks damages, as well as injunctive and declaratory relief, including an order that Defendants cease garnishing her checks. See id. at 5-6. The Court finds Plaintiff

fails to state any claim for relief and therefore RECOMMENDS that, for this additional reason, the District Court DENY Plaintiff's Application and additionally, DISMISS Plaintiff's Complaint with leave to amend.

### A. Sovereign Immunity

Unless waived, claims against the United States, federal agencies, and federal officials in their official capacities are barred by sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). A waiver of sovereign immunity must be "unequivocally expressed"; and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (citations omitted). Plaintiff, being "[t]he party who sues the United States[,] bears the burden of pointing to . . . an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiff's Complaint against two federal agencies fails to do so here.

### 1. The Federal Tort Claims Act (FTCA)

Congress has waived the United States' sovereign immunity for some torts committed by a federal official acting within the scope of his office or employment, provided a plaintiff first exhausts her administrative remedies under the FTCA. See 28 U.S.C. § 1346(b)(1) (authorizing tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or

6

omission occurred"), § 2674 (similar), § 2675 (requiring exhaustion); D.L. v. Vassilev, 858 F.3d 1242, 1244-45 (9th Cir. 2017). The FTCA's exhaustion requirement is jurisdictional and must be strictly construed in favor of the United States. See D.L., 858 F.3d at 1244; Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States; while such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA. See Dichter-Mad Family Partners, LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013); 28 U.S.C. § 2679(a) (providing that the FTCA does not "authorize suits against [a] federal agency"). Moreover, the FTCA waives sovereign immunity only for damages claims against the United States; the statute does not subject the United States to claims for injunctive relief. See Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir. 1992).

As to her tort claims, then, Plaintiff's Complaint contains certain obvious deficiencies: she names the wrong defendant; she fails to allege that she has exhausted her administrative remedies; and she seeks injunctive relief. The Court thus recommends dismissal of Plaintiff's tort claims for these reasons.

Moreover, Congress excepted certain claims from being brought under the FTCA (i.e., retained the United States' sovereign immunity) for claims "arising out of assault, battery, false imprisonment, false arrest, malicious

prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The phrase "arising out of" is interpreted broadly to include all injuries that are dependent upon one of the enumerated torts having been committed. See DaVinci Aircraft, Inc. v. United States, 926 F.3d 1117, 1123 (9th Cir. 2019) ("[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized."); Pauly v. USDA, 348 F.3d 1143, 1151-52 (9th Cir. 2003) (noting that the FTCA did not waive sovereign immunity for misrepresentation and fraud claims); Daisley v. Riggs Bank, NA, 372 F. Supp. 2d 61, 77-78 (D.D.C. 2005) (dismissing civil conspiracy claim based on tortious interference with contract rights as barred by the FTCA's intentional tort exception to waiver of sovereign immunity).

Also excepted under the FTCA is "[a]ny claim arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. § 2680(c). The Ninth Circuit has "broadly construed § 2680(c) to encompass actions taken during the scope of the IRS's tax assessment and collection efforts." Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir. 2017), opinion amended on reh'g, 868 F.3d 1048 (9th Cir. 2017); see also Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975) ("Even assuming arguendo that the Internal Revenue agents' collection activity was beyond the normal scope of authority and amounted to tortious conduct, we find that the claim falls squarely within the exempted group

of tort claims arising out of tax collection efforts."); see also Shukoski v. United States, 2009 WL 1759700, at *3 (E.D. Wis. June 22, 2009) ("To the extent [plaintiff] brings a claim sounding in tort against the United States for past garnishments, it is barred based upon the exception of 28 U.S.C. § 2680(c) for activities relating to the assessment and collection of taxes.").

As discussed above, each of Plaintiff's tort claims either arises out of the IRS's garnishment of her benefits or is based on allegations of fraud, misrepresentation, and theft in connection with the garnishment. See ECF No. 1. Thus, the Court finds Plaintiff's tort claims also fail because they fall within one or more exceptions to the FTCA's limited waiver of sovereign immunity, and so recommends dismissal on this basis, as well.

### 2. Constitutional Claims

Liberally construed, Plaintiff also seeks to bring claims for a violation of her due process rights or rights under the Seventh Amendment related to the garnishment of her benefits. The FTCA's limited waiver of sovereign immunity, however, does not apply to Plaintiff's claims alleging constitutional violations. See 28 U.S.C. § 2679(b)(2)(A) (providing that relevant provisions of the FTCA do not apply to claims against a federal employee for "a violation of the Constitution of the United States"); Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (stating that constitutional torts are not actionable under the FTCA); Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir. 1994) ("[T]he United States cannot be

9

sued on the theory that there has been a violation of [plaintiff's] constitutional rights."). Any such claims for damages against the United States or its agencies are thus barred by sovereign immunity.

Because Plaintiff does not seek to bring any claim against an individual federal official here, the Court does not address whether Plaintiff has stated a plausible claim for damages based on an alleged violation of her constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Court notes, however, that any such claim would likely not be viable. See Adams v. Johnson, 355 F.3d 1179, 1186 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that Bivens relief is unavailable for plaintiffs' suit against IRS auditors and officials."); Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir. 1990) ("[W]e have never recognized a constitutional violation arising from the collection of taxes. Moreover, even were we to find that some sort of constitutional right is at stake here, we agree . . . that the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under Bivens[.]").[1]

---

[1] Courts have also rejected the notion, similar to Plaintiff's contention here, that collection of taxes can somehow amount to a violation of the Seventh Amendment right to a jury trial. See Dogherra v. U.S. I.R.S., 2001 WL 1220747, at *2 (N.D. Cal. Oct. 4, 2001) ("The Seventh Amendment only applies to suits 'at

### 3. Claims under the Internal Revenue Code

Construed liberally, Plaintiff may be alleging that the IRS's garnishment violated the law, entitling her to damages under 26 U.S.C. §§ 7432 or 7433. Those sections of the tax code waive the sovereign immunity of the United States with regard to civil actions for damages where any officer or employee of the IRS knowingly or negligently fails to release a lien on the property of the taxpayer (§ 7432), or recklessly, intentionally, or negligently disregards any provision of the tax code in connection with a collection of federal tax with respect to a taxpayer (§ 7433). However, both provisions require a plaintiff to exhaust administrative remedies before filing suit. See 26 U.S.C. §§ 7432(d)(1), 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (district court lacked jurisdiction to hear action under § 7433 without exhaustion of administrative remedies); see also Joseph v. United States, 517 F. App'x 543, 543 (9th Cir. 2013); Tritz v. Koskinen, 2015 WL 10436106, at *8 (C.D. Cal. Oct. 5, 2015). And both specify that an action for damages "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. §§ 7432(d)(3), 7433(d)(3).

---

common law.' US Const amend VII. Because tax collection cases are not common law actions, no jury trial is required.") (citing Olshausen v. Comm'r, 273 F.2d 23, 27-28 (9th Cir. 1959) ("There is no right to a jury trial without paying first as a statutory matter, and no right to a jury trial at all in tax matters as a constitutional requirement.") (citations omitted)).

11

Again, Plaintiff's Complaint does not allege that she has properly exhausted administrative remedies. Nor do the letters attached to her Complaint suggest she has complied with the specific requirements to do so here. See 26 C.F.R. § 301.7433-1(e); ECF No. 1-1 at 4-8. Instead, the letters—dated well over two years ago—merely suggest any such claim may now be untimely. Thus, the Court finds Plaintiff has not stated a claim against the United States on this basis, either.[2]

### B. Failure to State a Claim

The Court also finds Plaintiff's Complaint is deficient and thus recommends dismissal because, even putting aside the issues with sovereign immunity and exhaustion discussed above, she has failed to state a plausible claim for relief.

First, the allegations as to why garnishment is improper or amounts to either a constitutional violation or the basis for a tort claim appear to be frivolous. In the attachments to her Complaint, Plaintiff suggests she contests the IRS's ability to tax earned wages, see ECF No. 1-1 at 5, 7, which the IRS clearly may do, see, e.g., Tucker v. Internal Revenue Serv., 2021 WL 4391168, at *1 (W.D. Wash.

---

[2] To the extent Plaintiff's Complaint can be construed as seeking a refund, the Court would still recommend dismissal because there is no indication or allegation Plaintiff paid the tax assessments at issue or filed an administrative refund claim, and thus no indication the District Court would have jurisdiction over such a claim. See Boynton v. United States, 566 F.2d 50, 52 (9th Cir. 1977); Langan v. United States, 2014 WL 4954667, at *6 (N.D. Cal. Oct. 2, 2014).

Sept. 24, 2021) ("[Plaintiff's] underlying argument—that his income, derived from wages, is exempt from taxation because it is the product of his labor and he is a U.S. citizen—has been repeatedly rejected as frivolous." (citing United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1008 (9th Cir. 1988)).

Plaintiff also alleges the IRS may not garnish her Social Security benefits because it failed to verify the debt as required under the Fair Debt Collection Practices Act (FDCPA). See ECF No. 1 ¶ 5. But the IRS "is not subject to the provisions of the FDCPA." Matter of Search of 94-1018 Kaloli Loop, Waipahu, Hawaii 96797, 2019 WL 179559, at *2 (D. Haw. Jan. 11, 2019); see also United States v. Errigo, 2009 WL 127863, at *2 (E.D. Mich. Jan. 20, 2009) ("[T]he FDCPA specifically excludes federal employees acting in the performance of their official duties from its terms. 15 U.S.C. § 1692a(6)(C). Collecting federal income tax, filing tax liens, and bringing levies upon property to collect unpaid taxes are official duties of the United States. See 26 U.S.C. §§ 6323(f), 6331(a)").[3]

In addition, to the extent Plaintiff's claims are based on the mere fact that the IRS is garnishing her Social Security benefits (which appear to be

---

[3] This would also make any conversion claim implausible. See Pelayo v. Platinum Limousine Servs., Inc., 2015 WL 5768949, at *6 (D. Haw. Sept. 30, 2015) (conversion under Hawai'i law requires, among other things, *unwarranted* assumption of ownership; *illegal* use of chattel; and *wrongful* detention after demand).

13

retirement benefits, see ECF No. 2 at 1), courts have rejected similar claims that such benefits are exempt from garnishment. See, e.g., Eversole v. IRS, 2015 WL 9434325, at *2 (D. Idaho Dec. 4, 2015). Courts have also dismissed claims against the SSA, like Plaintiff's here, that object to the SSA's role in the IRS's garnishment of certain benefits. See Fealy v. Soc. Sec. Admin., 2014 WL 6629546, at *7 (D. Nev. July 25, 2014) (noting the "SSA may have owed a statutory duty to surrender the funds to the IRS [and that] it appears clear that the SSA lacks the discretion to refuse an IRS levy").

And to the extent Plaintiff seeks injunctive and/or declaratory relief regarding the IRS garnishing these benefits, such relief is explicitly barred by statute. See 26 U.S.C. § 7421(a) (barring suits to restrain collection of taxes); 28 U.S.C. § 2201 (barring declaratory suits related to federal taxes); see also Shukoski, 2009 WL 1759700, at *3-4; Fealy v. Dep't of the Treasury & Internal Revenue Serv., 2016 WL 5958164, *2 (D. Nev. Oct. 12, 2016).

In addition, the Court finds that Plaintiff's allegations as to her tort claims are insufficient as a matter of law. Under Hawaiʻi law, intentional infliction of emotional distress requires an allegation of, among other things, outrageous conduct. See Hac v. Univ. of Hawaiʻi, 102 Haw. 92, 95, 73 P.3d 46, 49 (2003). Plaintiff has failed to allege facts that amount to outrageous conduct, i.e., "beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," sufficient to state a claim for intentional infliction of

emotional distress. Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., 76 Haw. 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (citation omitted). To the extent Plaintiff is attempting to raise a claim for fraud or misrepresentation, she has failed to plead such claims with the particularity required by alleging only that the IRS has garnished her Social Security benefits. See Fed. R. Civ. P. 9; Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (citations and alterations omitted); see also Cycle City, Ltd. v. Usher, 2020 WL 9762912, at *4 (D. Haw. Sept. 22, 2020).

As the Court finds that Plaintiff has failed to state any other plausible claim for relief, her claim for civil conspiracy must necessarily fail because "Hawaii does not recognize independent causes of action for civil conspiracy or aiding and abetting—such theories of potential liability are derivative of other wrongs." Molina v. OneWest Bank, FSH, 903 F. Supp. 2d 1008, 1020 (D. Haw. 2012) (citation omitted).

Overall then, the Court finds that Plaintiff has failed to state any claim for plausible relief such that it RECOMMENDS that the District Court DENY Plaintiff's Application and DISMISS her Complaint. However, because Plaintiff is proceeding pro se, and because the allegations in her Complaint make it difficult

for this Court to decipher whether amendment is futile, the Court further RECOMMENDS that Plaintiff be granted leave to amend her Complaint, and that any Amended Complaint be referred to the undersigned for screening purposes.

## CONCLUSION

In accordance with the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration.

The Court's prior Findings and Recommendation thus remains in place except that, the Court AMENDS those Findings and Recommendation as stated above, and thus additionally FINDS AND RECOMMENDS that the District Court:

1) DENY Plaintiff's Application;

2) DISMISS Plaintiff's Complaint with leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the District Court's adoption of this Findings and Recommendation;

3) REFER the screening of any amended complaint to the undersigned;

4) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 14, 2021.




Wes Reber Porter
United States Magistrate Judge

**THOMAS V. INTERNAL REVENUE SERVICE, ET AL.; CIVIL NO. 21-00431 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER: AMENDING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**